JS 44  (Rev. 04/21)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

Krunal N. Patel, 63 Freida Lane, Colonia, NJ 07067

## DEFENDANTS

New Jersey Transit Rail Operations, Inc. One Penn Plaza East Newark, NJ 07105

**(b)** County of Residence of First Listed Plaintiff   Middlesex
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant   Newark
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Robert E. Myers, Esquire, Coffey Kaye Myers & Olley, Two Bala Plaza, Suite 718
Bala Cynwyd, PA 19004, 610-668-9800

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1   U.S. Government Plaintiff
- [x] 3   Federal Question *(U.S. Government Not a Party)*
- [ ] 2   U.S. Government Defendant
- [ ] 4   Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | [ ] 625 Drug Related Seizure of Property 21 USC 881 | [ ] 422 Appeal 28 USC 158 | [ ] 375 False Claims Act |
| [ ] 120 Marine | [ ] 310 Airplane | [ ] 365 Personal Injury - Product Liability | [ ] 690 Other | [ ] 423 Withdrawal 28 USC 157 | [ ] 376 Qui Tam (31 USC 3729(a)) |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability | [ ] 367 Health Care/ Pharmaceutical | | | [ ] 400 State Reapportionment |
| [ ] 140 Negotiable Instrument | [ ] 320 Assault, Libel & Slander | Personal Injury | **INTELLECTUAL PROPERTY RIGHTS** | [ ] 410 Antitrust |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 330 Federal Employers' Liability | Product Liability | [ ] 820 Copyrights | [ ] 430 Banks and Banking |
| [ ] 151 Medicare Act | [ ] 340 Marine | [ ] 368 Asbestos Personal Injury Product Liability | [ ] 830 Patent | [ ] 450 Commerce |
| [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans) | [ ] 345 Marine Product Liability | | [ ] 835 Patent - Abbreviated New Drug Application | [ ] 460 Deportation |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 350 Motor Vehicle | **PERSONAL PROPERTY** | **LABOR** | [ ] 840 Trademark | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 160 Stockholders' Suits | [ ] 355 Motor Vehicle Product Liability | [ ] 370 Other Fraud | [ ] 710 Fair Labor Standards Act | [ ] 880 Defend Trade Secrets Act of 2016 | [ ] 480 Consumer Credit (15 USC 1681 or 1692) |
| [ ] 190 Other Contract | [ ] 360 Other Personal Injury | [ ] 371 Truth in Lending | [ ] 720 Labor/Management Relations | | [ ] 485 Telephone Consumer Protection Act |
| [ ] 195 Contract Product Liability | [ ] 362 Personal Injury - Medical Malpractice | [ ] 380 Other Personal Property Damage | [ ] 740 Railway Labor Act | **SOCIAL SECURITY** | [ ] 490 Cable/Sat TV |
| [ ] 196 Franchise | | [ ] 385 Property Damage Product Liability | [ ] 751 Family and Medical Leave Act | [ ] 861 HIA (1395ff) | [ ] 850 Securities/Commodities/ Exchange |
| | | | [ ] 790 Other Labor Litigation | [ ] 862 Black Lung (923) | [ ] 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | [ ] 791 Employee Retirement Income Security Act | [ ] 863 DIWC/DIWW (405(g)) | [ ] 891 Agricultural Acts |
| [ ] 210 Land Condemnation | [ ] 440 Other Civil Rights | **Habeas Corpus:** | | [ ] 864 SSID Title XVI | [ ] 893 Environmental Matters |
| [ ] 220 Foreclosure | [ ] 441 Voting | [ ] 463 Alien Detainee | | [ ] 865 RSI (405(g)) | [ ] 895 Freedom of Information Act |
| [ ] 230 Rent Lease & Ejectment | [ ] 442 Employment | [ ] 510 Motions to Vacate Sentence | | **FEDERAL TAX SUITS** | [ ] 896 Arbitration |
| [ ] 240 Torts to Land | [ ] 443 Housing/ Accommodations | [ ] 530 General | | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| [ ] 245 Tort Product Liability | [ ] 445 Amer. w/Disabilities - Employment | [ ] 535 Death Penalty | **IMMIGRATION** | [ ] 871 IRS—Third Party 26 USC 7609 | |
| [ ] 290 All Other Real Property | [ ] 446 Amer. w/Disabilities - Other | **Other:** | [ ] 462 Naturalization Application | | [ ] 950 Constitutionality of State Statutes |
| | [ ] 448 Education | [ ] 540 Mandamus & Other | [ ] 465 Other Immigration Actions | | |
| | | [ ] 550 Civil Rights | | | |
| | | [ ] 555 Prison Condition | | | |
| | | [ ] 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- [x] 1   Original Proceeding
- [ ] 2   Removed from State Court
- [ ] 3   Remanded from Appellate Court
- [ ] 4   Reinstated or Reopened
- [ ] 5   Transferred from Another District *(specify)*
- [ ] 6   Multidistrict Litigation - Transfer
- [ ] 8   Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
Federal Employers' Liability Act, 45 U.S.C. § 51 et seq

Brief description of cause:
Plaintiff sustained injuries during her railroad employment with New Jersey Transit Rail Operations, Inc.

## VII. REQUESTED IN COMPLAINT:

- [ ] CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $
In excess of $150,000.00

CHECK YES only if demanded in complaint:
JURY DEMAND:   [ ] X Yes   [ ] No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*   JUDGE _____   DOCKET NUMBER _____

DATE   08/23/2022

SIGNATURE OF ATTORNEY OF RECORD

## FOR OFFICE USE ONLY

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

## INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

### Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.(a)** **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

**(b)** **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

**(c)** **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.** **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; **NOTE: federal question actions take precedence over diversity cases.**)

**III.** **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.** **Nature of Suit.** Place an "X" in the appropriate box. If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable. Click here for: Nature of Suit Code Descriptions.

**V.** **Origin.** Place an "X" in one of the seven boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File. (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.** Origin Code 7 was used for historical records and is no longer relevant due to changes in statute.

**VI.** **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service.

**VII.** **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.** **Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

**KRUNAL N. PATEL**
63 Freida Lane
Colonia, NJ  07067

Plaintiff

**NEW JERSEY TRANSIT RAIL
OPERATIONS, INC.**
One Penn Plaza East
Newark, NJ 07105

Defendant

**CIVIL ACTION**

**NO.:**

**JURY TRIAL DEMANDED**

## COMPLAINT

1.      Plaintiff herein is Krunal N. Patel, a citizen and resident of New Jersey residing

therein at 63 Freida Lane, Colonia, New Jersey 07067.

2.      The defendant is a corporation duly organized and existing under and by virtue of

the laws of a State of New Jersey and does business in the District of New Jersey.

3.      This action arises under the Act of Congress, April 22, 1908, c. 149, 35 Stat. 65,

and amendments thereto, U.S.C.A. Title 45, 51 et seq., and further amended by the Act of

Congress, approved by the President of the United States on August 11, 1939, Chapter 685-First

Session of the 76th Congress, known and cited as "The Federal Employers' Liability Act."

4.      At the time and place hereinafter mentioned and for a long time prior thereto, the

defendant, as a common carrier, operated trains carrying passengers, freight, express packages,

baggage and foreign and domestic mail, in commerce, between the different states of the United

States and its territories.

5.      At the time and place hereinafter mentioned, the acts of omission and commission,

causing the injuries to the plaintiff, were done by the defendant, its agents, servants, workmen

1

and/or employees, acting in the course and scope of their employment with and under the control of the defendant.

6.  At the time and place hereinafter mentioned, the plaintiff and the defendant were engaged in interstate commerce between the different states of the United States and its territories.

7.  All of the property, equipment and operations involved in the incident herein referred to were owned by and under the control of the defendant, its agents, servants, workmen and/or employees.

8.  As a result of the incident herein referred to, plaintiff has suffered a loss and impairment of earnings and earning power and may suffer the same for an indefinite time in the future; has undergone great physical pain and mental anguish and may undergo the same for an indefinite time in the future; has been obliged to and will have to continue to expend large sums of money in the future in an effort to effect a cure of his aforesaid injuries; has been unable to attend to his usual duties and occupation and may be unable to attend to the same for an indefinite time in the future, all to his great detriment and loss.

9.  The incident herein referred to was caused solely and exclusively by the negligence of the defendant, its agents, servants, workmen and/or employees, and was due in no manner whatsoever to any act or failure to act on the part of the plaintiff.

10.  In late August 2019, and for some time prior thereto, plaintiff was employed by New Jersey Transit Rail Operations, Inc. (NJTRO) as an assistant conductor.

11.  Plaintiff was assigned as the rear brake on train #3806.

12.  On the aforementioned date, the train was located on track #1 at the Newark Penn Station.

2

13.     Plaintiff was located on the seventh car from the front at a high platform of the Newark Penn Station.

14.     Because this was a high platform, it was necessary for the trap door to be in the lowered position so that the passengers and crew could access the platform.

15.     The door mechanism has a threshold bar that retracts into and comes out of the door pocket.  When the threshold bar is out of the pocket, it becomes part of the floor.

16.     As part of the process of lowering the trap door, the threshold bar fully extended from the door pocket.

17.     Plaintiff next assisted a passenger who had just entered the train to open the parlor door so that she could then enter the main car.

18.     After assisting the passenger, plaintiff turned around and was about to step off of the train.

19.     Plaintiff's foot was on the threshold bar that was part of the floor.

20.     Suddenly and with no warning, the threshold bar malfunctioned and spontaneously began to retract into the wall.  In doing so, part of the floor disappeared from beneath plaintiff's feet.

21.     As a result of this malfunction, and the improper retraction of the threshold bar, plaintiff was caused to trip and lose his balance.

22.     As this occurred, plaintiff's right foot stayed on the train as he was falling and his left foot fell in the space between the door and the platform.

23.     As plaintiff fell straight down, he caught himself using both hands and arms, resulting in immediate and severe pain in his right upper extremity.

24.   After a few minutes, plaintiff was able to rescue himself from that position, enter the train, and sat down until the train arrived at New York Penn Station, where he reported to his conductor the incident, malfunctioning bar, and injuries.

25.   Plaintiff was transported to the emergency room of New York University Langone Health-Tisch Hospital.

26.   The aforementioned accident was caused by the negligence of the defendant, its agents, servants, workmen and/or employees, and was not caused by any conduct on the part of the plaintiff.

27.   The negligence of the defendant consisted of the following:

   (a)   Failing to inspect the subject railcar, subject door, the subject bar, and related apparatus and mechanisms.
   (b)   Failing to discover the unsafe condition of the subject railcar, subject door, the subject bar, and related apparatus and mechanisms.
   (c)   Failing to properly maintain the subject railcar, subject door, the subject bar, and related apparatus and mechanisms.
   (d)   Failing to properly repair the subject railcar, subject door, the subject bar, and related apparatus and mechanisms.
   (e)   Requiring plaintiff to use a train and a railcar where the door, bar, and related apparatus and mechanisms were defective, inefficient, broken, and unsafe.
   (f)   Violating regulations of the Federal Railroad Administration with respect to safe ingress and egress from railcars.
   (g)   Failing to warn plaintiff of these dangerous conditions.

27.   The defendant is also liable for its violation of the Federal Safety Appliance Act with respect to the aforementioned unsafe conditions.

28.   As a result of the aforesaid incident, plaintiff sustained injury to the left upper extremity; injury to the left elbow; fractured left elbow; common flexor tendonitis to the left medial epicondylar; tendonitis involving the common extensor tendon at its lateral epicondylar; injury to the common extensor tendon; injury to the left ulnar nerve; and injuries to the muscles, nerves, and tissues of the left arm and elbow area.

4

Some or all of the above injuries are or may be permanent in nature. The full extent of plaintiff's injuries is not presently known.

WHEREFORE, plaintiff demands judgment against the defendant in a sum in excess of One Hundred Fifty Thousand ($150,000.00) Dollars.

COFFEY KAYE MYERS & OLLEY


By:   */s/ Robert E. Myers*
        **COFFEY KAYE MYERS & OLLEY**
        **Robert E. Myers, Esquire**
        ***Attorney for Plaintiff***
        **Suite 718, Two Bala Plaza**
        **Bala Cynwyd, PA  19004**
        **(610) 668-9800 – phone**
        **(610) 667-3352 – fax**